KEILBERT CONSTRUCTION COMPANY, INC., Appellant, *v.* EDWARD FREY and WILHELMINA FREY, His Wife, Respondents.

First Department, November 3, 1916.

Vendor and purchaser — contract for exchange of lands construed — failure of party to contract to procure loan — waiver of default — when time not essence of contract — appeal — when Appellate Division will not give final judgment.

The plaintiff and defendants entered into a contract for the exchange of certain premises. Thereafter, the plaintiff being unable to secure a mortgage at the time stated, an adjournment was taken and on the

adjourned date the deeds were exchanged and the parties entered into a further agreement reciting that the plaintiff had been unable to procure a permanent loan according to the original contract, and that the parties had agreed to change the provisions thereof so that the plaintiff was to procure a loan for a smaller amount and was to receive from the defendants a second mortgage upon which $4,000 was due. It was further provided that the plaintiff was to procure the permanent loan, affecting the premises conveyed, at its expense on or before the first day of December, and that upon procuring said loan the defendants were to transfer and assign to it the $4,000 mortgage. In the event that the plaintiff should be unable to procure the loan on or before the said date, the defendants were to retain the $4,000 mortgage and have the option of seeking their own loan.

In an action by the plaintiff to recover the value of the $4,000 mortgage after the defendants' refusal to assign the same, it appeared that the plaintiff endeavored to procure the loan, and on the twenty-first day of November its attorney made an application for said loan, which was closed on December thirty-first, and accepted by the defendants; that on November twenty-eighth the defendants' attorney called upon the attorney representing the plaintiff and informed him that the plaintiff had to obtain the loan on or before December first, and stated that if it was not so obtained the defendants desired him to secure the loan for them.

*Held*, that a verdict in favor of the defendants is contrary to the law and against the weight of the evidence;

That the acceptance of the loan by the defendants after the time limit waived the default of the plaintiff, especially since time was not shown to be of the essence of the contract.

Although the questions at issue were purely questions of law, the Appellate Division is unable to give judgment because there was no motion for the direction of a verdict.

APPEAL by the plaintiff, Keilbert Construction Company, Inc., from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Bronx on the 17th day of January, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of January, 1916, denying plaintiff's motion for a new trial made upon the minutes.

*Gilbert W. Minor*, for the appellant.

*J. Philip Van Kirk*, for the respondents.

PAGE, J.:

On or about September 3, 1913, the parties hereto entered into a contract for the exchange of certain premises known as

2334 Webster avenue belonging to the plaintiff subject to a first mortgage of $35,000 then or to become a lien before closing of the title, and a second mortgage of $4,000 then a lien on said property for three certain parcels of real estate in the county of Bronx, free and clear. Deeds were to be delivered on September 16, 1913. It appears that the $35,000 mortgage was to be procured as a permanent loan by the plaintiffs. That at the time of the signing of the contract the property was subject to a building loan mortgage to secure $30,000, on which only $26,000 had been advanced, and a purchase-money mortgage of $4,000, and also to the second mortgage above mentioned. The plaintiff, therefore, would receive $5,000 from the permanent mortgage loan. The plaintiff was unable to obtain the permanent mortgage by the time set for the closing and an adjournment was taken until the first of October. On October first the deeds conveying the respective properties were exchanged, the Webster avenue property being conveyed subject to mortgage incumbrance amounting to $34,000. The parties entered into an agreement reciting that the plaintiff had been unable to procure the permanent loan of $35,000 according to the provisions of the contract of September third, and that the parties had agreed to change the provisions of that contract so that the plaintiff was to procure a permanent loan of $30,000 and was to receive from the defendant, in view of having transferred the property subject to mortgages amounting to $34,000, instead of $39,000 as originally provided, a second mortgage upon which $4,000 was due, referred to as the Scott mortgage. This agreement then provides that the plaintiff " is to procure at its expense on or before the first day of December, 1913, a permanent mortgage of $30,000 affecting the premises this day conveyed by the Keilbert Construction Company [the plaintiff] to the parties of the second part [the defendants] * * *. Upon the procuring of said permanent loan of $30,000 on or before said December 1st, 1913, the said parties of the second part hereby agree to transfer and assign to the parties of the first part, the $10,000 mortgage reduced by payment to $4,000 above referred to. In the event, however, that the said parties of the first part are unable to procure the permanent mortgage of $30,000 above

First Department, November, 1916.    [Vol. 174.

referred to on or before said date, said parties of the second part are to retain the $4,000 mortgage above referred to and are to have the option of seeking their own loan, making such terms as they deem advisable." It is provided that the interest on the existing mortgage upon the plaintiff's property was to be adjusted as of October 1, 1913.

It appears from the testimony that the plaintiff endeavored to procure the loan of $30,000, and on the 21st day of November, 1913, Stephen W. Collins, who was the attorney for the corporation that had made the building loan on the premises, made an application to McClure & Prentice for the loan of $30,000. This loan was submitted by McClure & Prentice to a Mrs. Howard, one of their clients. On December third Mrs. Howard's secretary wrote to Mr. McClure, of the firm of McClure & Prentice, the following letter: " Mrs. Howard begs me to write and say she hopes you will pardon the delay in letting you know about the mortgage, but she has been feeling so badly it has been impossible for her to give it consideration. She now wishes me to say she will accept it and will send you check for the thirty thousand on request." On December fifth McClure & Prentice notified Collins of the acceptance of the loan. On December eleventh Collins notified the plaintiff that he had received an acceptance of the loan and that the time for closing had not been fixed, but that it would doubtless be some time during that month. As a matter of fact the loan was closed on December thirty-first.

The defendants claim that on November twenty-eighth John Kadel, their attorney, called upon Mr. Collins to pay interest due on the building loan mortgage, and then informed him that the plaintiff had to obtain the loan on or before December first and stated that if they did not obtain the loan by that time the defendants desired him to obtain the loan for them, and by reason of this fact they claim that Collins ecame an agent of the defendants after the first of December, and that the loan that was subsequently made and accepted by them was not procured by the plaintiff, and that the plaintiff had thereby forfeited all right to the $4,000 mortgage. The plaintiff demanded an assignment of the $4,000 mortgage to it, and on defendants' refusal, brought this action, alleging that

by reason of the foregoing the defendants were indebted to the plaintiff in the sum of $4,000, but stating that the plaintiff is willing to allow as a credit the amount paid for procuring the permanent mortgage, the accrued interest on the building loan amounting in all to the sum of $1,497.66 and demands judgment for $2,803.28. Defendants pleaded as a defense that the plaintiff had failed to procure the said loan of $30,000 and that the same had been procured by the defendants and embodied in the answer certain counterclaims amounting altogether to $860.13.

The court charged the jury that the questions for them to determine were first: "Did this plaintiff procure this loan, and if you answer that question in the negative, then it has no claim on these defendants for that $4,000 mortgage. If you find that it did, if you find that this $30,000 loan was procured by this plaintiff, then you are brought to determine another question: Was there an extension of time · to the plaintiff to perform the conditions of the contract? If you will find either of these questions in favor of the defendants, then the plaintiff may not recover. That the plaintiff may recover, you must find both questions in its favor."

There was no exception taken to the charge by the plaintiff. While there was a great deal of conflicting testimony given as to immaterial and irrelevant matters as to the main facts in the case as detailed above, there was no dispute. The jury found a verdict for the defendants.

Upon the theory on which the case was tried, I am of opinion the questions at issue were purely questions of law, but there having been no motion for the direction of a verdict, we will be unable to give judgment. It is very evident that Collins was the agent of the plaintiff and that the loan was procured on its behalf by him. He did not cease to be the agent of the plaintiff on December first. His employment was not so limited. The loan was accepted on his original proposition made in behalf of the plaintiff. The acceptance of this loan by the defendants after the time limit waived the default. Time was not shown to be of the essence of this contract. The deeds had been exchanged and the defendants were in possession of the premises. The building loan mortgage did not fall due

until the following April. The defendants claim that time became the essence of the contract because on the 24th day of November, 1913, John Kadel, their attorney, wrote to the plaintiff as follows: "You doubtless realize that in the event that you fail to procure the $30,000 loan mentioned in the agreement dated Oct. 1, 1913, on or before Dec. 1, 1913, that you will have no further interest thereafter in the $4,000 mortgage referred to in said agreement." This is a mere statement of the construction of the original agreement put upon it by the attorney and is not a notice that unless they perform on or before a certain time the agreement will be terminated, and even if it were sufficient notice the default was waived by the subsequent acceptance of the loan.

The verdict of the jury should be set aside as contrary to the law and against the weight of evidence.

The judgment and order appealed from are, therefore, reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SCOTT and SMITH, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.